### ORIENTAL TEXTILE MILLS v. THOMPSON WORSTED CO.

(District Court, E. D. Pennsylvania. June 2, 1920.)

No. 5622.

New trial ⊙═66—Uncertainty whether verdict was based on issues submitted authorizes new trial.

Where counsel for plaintiff insisted on arguing the case to the jury on a theory which had been rejected by the court and which was not within the issue submitted by the instructions, a verdict in his favor can be sustained only where it is made clear that it was based on a finding on the questions of fact submitted, and not on the irrelevant issue presented in the argument.

At Law. Action by the Oriental Textile Mills against the Thompson Worsted Company. On motion by defendant for new trial. Granted.

Thomas F. Gain and Frank A. Chalmers, both of Philadelphia, Pa., for plaintiff.

Hiram Hathaway, Jr., of Chester, Pa., for defendant.

DICKINSON, District Judge. This case, regarded merely as a trial case, is one of the class of cases in which the plaintiff had a theory of its proper presentation and the trial judge another. As has been before observed in such a situation, a choice between two methods of trial is afforded. One is for the trial judge to insist upon the trial proceeding in accordance with his views of what is the issue to be developed; the other is to give counsel full opportunity to develop what they believe to be the true theory of the case or defense. To the extent of giving counsel opportunity to present any theory so far as to secure to the parties all their appellate rights, full freedom should be granted them. When, however, this has been accomplished, and the facts have been so far developed that the issues to be submitted to the jury have been determined by the court, insistence by counsel upon the discussion before the jury of other issues which have been eliminated by the ruling, places insisting counsel in this dilemma: If the verdict be adverse, it must stand; if it be favorable, the party receiving it assumes the burden of making it clear that the verdict was based upon a finding of the questions of fact submitted by the trial judge, and not upon the irrelevant issues.

This is the question now before us. The case was one of contract. The parties had been dealing with each other, and negotiations were opened for another deal. These negotiations were carried to a point, where the plaintiff at least believed the minds of the parties had met. It only remained to confirm this understanding by a written contract. The plaintiff asked for and received a writing. It did not conform, however, to what plaintiff wanted the contract to be, or at least did not express his understanding with satisfactory clearness. Plaintiff thereupon changed it to make it so conform.

The cause of action declared upon was the breach of this written contract as changed. The change went to the vitals of plaintiff's case. The parties entered upon performance—the plaintiff upon the supposition that the contract was as changed; the defendant upon the supposition that the contract was as originally written. Plaintiff averred, and offered evidence in support of the averment, that the defendant had been informed of and had agreed to the change. Defendant denied such knowledge, and, as a consequence, any such agreement. The issue of fact thus presented was obviously the sole one of agreement to the change, and the trial judge so ruled.

The plaintiff, however, pressed an essentially different trial theory. It was in effect that the previous dealings of the parties and the negotiations leading up to the written contract had resulted in the minds of the parties meeting in agreement. This, then, was the real contract, and the writing was nothing more than the "guinea stamp." The latter should have conformed to the former, and changing it to make it so conform was not only a matter of no importance, but entirely proper. The subsequent conduct of the parties, so far as the contract was per-

formed, was said to confirm this as the understanding of the parties themselves. Plaintiff had the right, and was accorded the full opportunity, to have the record show this theory to have been presented and rejected in the trial rulings. When, however, the theory was pressed beyond this, and urged upon the jury as the true theory upon which the cause should be determined, after it had been otherwise ruled by the trial judge, the plaintiff was repeatedly warned that he was placing himself in the dilemma above stated of asking for a verdict which would stand, if against him, but which he might not be able to hold, if in his favor.

The plaintiff persisted, however, in urging his theory, even in the final address to the jury. The verdict is in his favor. Whether it can be permitted to stand depends upon the ability of plaintiff to meet the burden of making it clear that the cause was determined, not upon the issue which he urged, but upon the issue submitted in the charge. Any other course would be a legal wrong to the defendant.

The situation, as has before been remarked, is analogous to that in which the jury has refused to follow the instructions of the trial judge as to the law of the case. The party against whom the verdict is rendered is deprived of his appellate rights. He cannot complain of the rulings of the court, because in his favor; he cannot make appellate use of a complaint of the verdict. The only remedy which can be applied is to grant a new trial. This is just as true when the ruling of the trial court was wrong as when it was right. The only answer to be made is that it is clear the jury decided the cause on the true, and not the false, issue.

We are unconvinced of this in the instant case. In the first place, the case, as it was tried, took a week to try. During a great part of this time the plaintiff was hammering into the minds of the jury the thought that the parties had agreed upon what was to be done before the agreement had been reduced to writing. It was the kind of a case in which it was inevitable that the members of the jury should have made up their judgments of its merits in advance of the argument. They were told they must decide it upon a different issue than the one to which they had been listening. This we assume they would try to do, but a part of what they had in their minds was that an agreement fairly reached is the agreement, and that the writing following it was no more than a formality.

In the trial of causes the only thing to which the parties have a legal right is legal justice. This is a definite thing. The term "natural justice," although the thing is more or less indefinite and vague, is nevertheless an intelligible expression. Juries understand the latter standard of justice, and will always follow it. The former is more or less an artificial standard, and is often regarded as a quibble of the law.

The parties to this disputed transaction had dealt without regard to the kind or quality of the material supplied. No issue arose respecting it. The only differences to be adjusted were on prices and time of delivery. In consequence, when plaintiff accepted defendant's terms in this respect, an agreement was reached. Plaintiff was suing, not be-

cause defendant had shipped poor material, but because he refused to ship any.

When, therefore, a jury was asked to decide against the plaintiff, because of the change made in the written contract, they were asked to decide it on a legal quibble. This view accords with what is called natural justice. It is not, however, in accord with legal justice. Plaintiff was suing for the breach of a specific contract which had been reduced to writing. If there was no breach of that contract, it could not recover; and if there was no such contract, there could have been no breach. There was no such contract, because plaintiff had altered it after defendant had signed it. There was nothing which would breathe life into this dead thing, except the consent of defendant to the change, and his confirmation of it as changed, even if this would do it.

We so state the proposition, because this question is still in the cause, and, as the case must be retried, it is best to leave all questions, which may be raised, open and unaffected by any previous trial rulings. If the real question in the cause is the one of agreement to the change made in the contract, the evidence on this branch of the case may be confined to this issue.

The rule for a new trial is made absolute.